JONATHAN DURKET (Bar No. 0093859)
1300F Deagleway Drive
Fairborn, OH 45324
jonathandurket@durketlegal.com
Telephone: (937) 985-8787
Facsimile: (937) 972-0456

Attorney for Plaintiffs CASEY S. HENN, and
ALEX R. KAMINSKY, Individually and on Behalf
of all those similarly situated

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO, EASTERN DIVISION

| | |
|---|---|
| CASEY S. HENN, and ALEX R. KAMINSKY, Individually and on Behalf of All Those Similarly Situated | CASE NO. 1:16-cv-1039 |
| Plaintiffs, | **CLASS ACTION** |
| Vs. | **COMPLAINT FOR DAMAGES** |
| THE FRONTIER LEAGUE, an incorporated association doing business as FRONTIER PROFESSIONAL BASEBALL, INC.; BILL LEE; FLORENCE FREEDOM PROFESSIONAL BASEBALL; BLUE DOG BASEBALL LLC; WASHINGTON FRONTIER LEAGUE BASEBALL LLC; JOLIET COMMUNITY BASEBALL AND ENTERTAINMENT LLC; and Does 1 through 100, | 1. **FLSA Minimum Wage Violations** <br> 2. **FLSA Overtime Violations** <br> 3. **FLSA Recordkeeping Violations** <br> 4. **State Minimum Wage Violations** <br> 5. **State Overtime Violations** <br> 6. **State Meal and Rest Break Violations** <br> 7. **State Recordkeeping Violations** |
| Defendants. | **JURY TRIAL DEMANDED** |

1. Plaintiffs, Casey Henn and Alex Kaminsky, residents of Ohio (collectively, "Plaintiffs"), by and through their attorneys, make the following allegations upon personal knowledge as to themselves and their own acts, and upon information and belief as to all other matters.

1

COMPLAINT FOR VIOLATIONS OF FEDERAL AND STATE WAGE AND HOUR LAWS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

2. Plaintiffs bring this class action on behalf of themselves and all other persons similarly situated who suffered damages as a result of the violations of the wage and hour laws (hereinafter "Labor Laws") of the states of Kentucky, Ohio, Pennsylvania, and Illinois as a result of the other wrongful conduct and improper wage and hour practices committed by Defendants.

### NATURE OF THE ACTION

3. Plaintiffs bring this lawsuit, pursuant to the laws of the states of Kentucky, Ohio, Pennsylvania, and Illinois as a class action pursuant to Fed. R. Civ. P. 23.

4. This suit seeks to recoup the damages sustained by Frontier League players as a result of the Frontier League's illegal wage and labor practices. It seeks to recover damages for violations of applicable state and federal wage and hour laws through a collective action. Further, it seeks to recover complementary class action damages under the state laws of Kentucky (where one of the Defendants is located), Ohio (where one of the Defendants is located, and under whose laws the Frontier League is governed), Pennsylvania (where one of the Defendants is located), and Illinois (where one of the Defendants is located).

5. Plaintiffs allege that Defendants violated their rights and the rights of those similarly situated under the Labor Laws of the states of Kentucky, Ohio, Pennsylvania, and Illinois that provide for, *inter alia:*

> a. Minimum wage and overtime payment for work in excess of forty (40) hours per week, and/or eight (8) hours per day;
>
> b. Timely and proper payment of all wages, including minimum wage and overtime pay, within the required pay period; and
>
> c. Maintenance of true and accurate records of the hours worked by Plaintiffs, furnishing Plaintiffs with a statement with every payment of wages listing all the hours worked, and abiding by all posting requirements and employee notices pertaining to wages.

2

COMPLAINT FOR VIOLATIONS OF FEDERAL AND STATE WAGE AND HOUR LAWS

6. Plaintiffs assert that Defendants violated Kentucky Labor Provision, KRC § 337.275 *et seq.;* and KRC § 337.285 *et seq.*

    a.  Defendants violated Kentucky Labor Law, by failing to pay their employees at least minimum wage as mandated by KRC § 337.275.

    b.  Defendants violated Kentucky Labor Law, by failing to pay overtime wages for each hour in excess of forty (40) hours in each workweek pursuant to KRC § 337.285.

    c.  Defendants violated Kentucky Labor Law, by failing to record and maintain true and accurate record of, among other things, the hours worked each day and each workweek by its employees, and how much overtime was worked pursuant to KRC §§ 337.020, 337.070, and 803 KAR 1:066.

7. Plaintiffs assert that Defendants violated the Ohio Minimum Wage Fair Standards Act ("OMWFSA"), ORC § 4111 *et seq.;* and Ohio Labor Provision, ORC § 4113 *et seq.*

    a.  Defendants violated the OMWFSA, by failing to pay their employees at least minimum wage as mandated by ORC § 4111.02.

    b.  Defendants violated the OMWFSA, by failing to pay overtime wages for each hour in excess of forty (40) hours in each workweek pursuant to ORC § 4111.03.

    c.  Defendants violated Ohio Labor Law, by failing to pay their employees all wages due to them in a timely manner pursuant to ORC § 4113.15.

    d.  Defendants violated OMWFSA, by failing to record and maintain true and accurate record of, among other things, the hours worked each day and each workweek by its employees, and how much overtime was worked pursuant to ORC § 4111.08.

8. Plaintiffs assert that Defendants violated the Pennsylvania Minimum Wage Act of 1968 ("PMWA") as amended, 43 Pa.C.S.A. § 333.101 *et seq.;* the Pennsylvania Wage Payment and

COMPLAINT FOR VIOLATIONS OF FEDERAL AND STATE WAGE AND HOUR LAWS

Collection Law ("WPCL") 43 Pa.C.S.A. § 260.1 *et seq.;* the Pennsylvania Administrative Code, and the public policy articulated therein as follows:

    a.    Defendants violated the PMWA, by failing to pay their employees at least minimum wage and by failing to pay overtime wages for each hour in excess of forty (40) hours in each workweek pursuant to 43 Pa.C.S.A. § 333.104(c), and 34 Pa.Code § 231.41.

    b.    Defendants violated the WPCL, by failing to pay their employees all wages due to them in a timely fashion pursuant to 43 Pa.C.S.A. § 260.3.

    c.    Defendants violated Pennsylvania Labor Law, by failing to record and maintain true and accurate record of, among other things, the hours worked each day and each workweek by its employees, and how much overtime was worked pursuant to 43 Pa.C.S.A. § 333.108 and 34 Pa.Code § 231.31.

9. Plaintiffs assert that Defendants violated Illinois Labor Provision, 820 ILCS § 105/4 *et seq.;* 820 ILCS § 140/2 *et seq.;* 820 ILCS § 105/8 *et seq.;* and 820 ILCS § 105/10 *et seq.*

    a.    Defendants violated Illinois Labor Law, by failing to pay their employees at least minimum wage as mandated by 820 ILCS § 105/4.

    b.    Defendants violated Illinois Labor Law, by failing to pay overtime wages for each hour in excess of forty (40) hours in each workweek pursuant to 820 ILCS § 105/4a.

    c.    Defendants violated Illinois Labor Law, by failing to record and maintain true and accurate record of, among other things, the hours worked each day and each workweek by its employees, and how much overtime was worked pursuant to 820 ILCS § 105/8, and 820 ILCS § 105/10.

10. As a result of Defendant's violations of the Labor Laws of Kentucky, Ohio, Pennsylvania, and Illinois, Plaintiffs were unlawfully and grossly under-compensated for their work.

4

COMPLAINT FOR VIOLATIONS OF FEDERAL AND STATE WAGE AND HOUR LAWS

11. Additionally, Defendant's failure to pay minimum wage and overtime wages violated the applicable provisions of the Federal Labor Standards Act.

### JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction with respect to Plaintiffs' federal claims pursuant to 28 U.S.C. §§ 1331 and 1337, and jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367 (supplemental jurisdiction).

13. Plaintiffs' state law claims are so closely related to Plaintiffs' claims under the FLSA that they form part of the same case or controversy under Article III of the United States Constitution.

14. This Court also has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

15. Additionally and/or alternatively, this Court has jurisdiction over these claims pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d). This is a putative class action whereby: (i) the proposed Class consists of more than 100 members; (ii) at least some of the proposed Class have a different citizenship from Defendants; and (iii) the claims of the proposed Class exceed $5,000,000.00 in the aggregate.

16. Venue is proper in the Northern District of Ohio under 28 U.S.C. § 1391 because all or part of the events giving rise to Plaintiffs claims occurred within its district and at least one Defendant is located within its district.

17. All causes of action asserted in this Complaint are closely related to one another and each accrued under the same common set of facts and share a common nucleus of operative facts. Each cause of action emanates from the same uniform contract, from the same policies and practices, as applied to the same group of employees.

COMPLAINT FOR VIOLATIONS OF FEDERAL AND STATE WAGE AND HOUR LAWS

## PARTIES

**1. Plaintiffs**

18. Plaintiff and representative plaintiff Casey Henn, a resident of Ohio, is a former Frontier League player who worked in the Florence Freedom organization from 2013 to 2015. Mr. Henn is a covered employee within the meaning of the FLSA and the applicable state wage and hour laws. Mr. Henn is a representative plaintiff for the Player Collective, and the Kentucky class.

19. Plaintiff and representative plaintiff Alex Kaminsky, a resident of Ohio, is a former Frontier League player who worked in the Joliet Slammers organization in 2014, the Washington Wild Things organization in 2014, and the Lake Erie Crushers organization in 2013. Mr. Kaminsky is a covered employee within the meaning of the FLSA and the applicable state wage and hour laws. Mr. Kaminsky is a representative for the Player Collective, the Ohio Class, the Pennsylvania class, and the Illinois class.

**2. Defendants**

20. **The Frontier League, d/b/a Frontier Professional Baseball, Inc.** The Frontier League, doing business as Frontier Professional Baseball, Inc., is a corporation comprised of twelve Frontier League baseball clubs ("the Franchises").

21. **Bill Lee.** Since 1994, Bill Lee has served as the Commissioner of the Frontier League. As Commissioner, Mr. Lee has the power to, among other things, discipline players, announce rules and procedures, and preside over meetings. On information and belief, Mr. Lee is also the chief agent for the Franchise owners when it comes to forming labor practices among Frontier League Players. Moreover, Mr. Lee implements, enforces, and often directs the development of the Frontier League's rules, guidelines, and policies concerning the employment of Frontier League players.

22. **Franchise Defendants.** The below named Frontier League franchises are defendants in this lawsuit and referred to collectively as the "Franchise Defendants":

6

23. *Florence Freedom.* Florence Freedom (d/b/a "Florence Freedom Professional Baseball") is a Frontier League Franchise. As a member of the Frontier League, acting jointly and on its own behalf, the Florence Freedom employed (and/or continues to employ) Plaintiffs, similarly situated employees, and employees of the Proposed Classes.

24. *Lake Erie Crushers.* Lake Erie Crushers (d/b/a "Blue Dog Baseball LLC") is a Frontier League Franchise. As a member of the Frontier League, acting jointly and on its own behalf, the Lake Erie Crushers employed (and/or continues to employ) Plaintiffs, similarly situated employees, and employees of the Proposed Classes.

25. *Washington Wild Things.* Washington Wild Things (d/b/a "Washington Frontier League Baseball LLC") is a Frontier League Franchise. As a member of the Frontier League, acting jointly and on its own behalf, the Washington Wild Things employed (and/or continues to employ) Plaintiffs, similarly situated employees, and employees of the Proposed Classes.

26. *Joliet Slammers.* Joliet Slammers (d/b/a "Joliet Community Baseball and Entertainment LLC") is a Frontier League Franchise. As a member of the Frontier League, acting jointly and on its own behalf, the Joliet Slammers employed (and/or continues to employ) Plaintiffs, similarly situated employees, and employees of the Proposed Classes.

## CLASS ACTION ALLEGATIONS

27. Plaintiffs bring the state law claims, Claims 4 through 7 of this action, as class actions under Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure, on behalf of themselves and all others similarly situated. The classes (collectively "Proposed Classes") are as follows:

28. **Ohio Class.** For Claims 4, 5, and 7 (violations of Ohio wage and labor laws), the Ohio Class is defined as follows: all Frontier League players employed by Defendants under uniform player contracts ("UPC") who worked, will work, and/or continue to work as Frontier League players in the state of Ohio at any time three years before the filing of this action until its resolution.

COMPLAINT FOR VIOLATIONS OF FEDERAL AND STATE WAGE AND HOUR LAWS

29. **Pennsylvania Class.** For Claims 4, 5, and 7 (violations of Pennsylvania wage and labor laws), the Pennsylvania Class is defined as follows: all Frontier League players employed by Defendants under uniform player contracts ("UPC") who worked, will work, and/or continue to work as Frontier League players in the state of Pennsylvania at any time three years before the filing of this action until its resolution.

30. **Illinois Class.** For Claims 4, 5, 6, and 7 (violations of Illinois wage and labor laws), the Illinois Class is defined as follows: all Frontier League players employed by Defendants under uniform player contracts ("UPC") who worked, will work, and/or continue to work as Frontier League players in the state of Illinois at any time three years before the filing of this action until its resolution.

31. *Common Characteristics of the Proposed Classes.* All of the Proposed Classes share the following characteristics, making them all optimal for class resolution:

32. Each of the Proposed Classes is so numerous that joinder of all members is impracticable. While the exact number of Class members in each Class is unknown to Plaintiffs at this time, Plaintiffs are informed and believe that several hundred geographically-diverse Class members worked, will work, and continue to work as Frontier League players in each of the applicable states, either during spring training, at promotional events, during other training and work periods, or during championship seasons occurring within the states.

33. Plaintiffs' claims are typical of the claims of the other members of each of the Proposed Classes. Plaintiffs and the members of the Proposed Classes were subject to the same or similar compensation practices arising out of Defendants' common course of conduct in violation of the federal and state laws as alleged herein. Plaintiffs and the Proposed Classes have sustained similar types of damages as a result of these common practices.

34. Plaintiffs will fairly and adequately protect the interests of all members of the Proposed Classes because they possess the same interests and suffered the same general injuries as class

COMPLAINT FOR VIOLATIONS OF FEDERAL AND STATE WAGE AND HOUR LAWS

members. Plaintiffs have retained counsel competent in class action litigation, including wage and hour class action litigation.

35. Common questions of law and fact exist as to all members of the Proposed Classes and predominate over any questions affecting solely individual members of the Class. Among the many questions of law and fact common to the Proposed Classes are:

a. Whether Defendants set wages at a rate below the minimum wages required under the applicable laws;

b. Whether Defendants paid and continue to pay no wages at all during certain pay periods, contrary to the requirements of applicable laws;

c. Whether any exemptions apply to the industry or to Frontier League players;

d. Whether Defendants require all Frontier League players to sign the same UPC, which control players' pay and pay periods and enables the unlawful practices;

e. Whether all Frontier League players signed substantially the same UPC;

f. Whether Defendants willfully, or with reckless disregard, carried out their unlawful practices;

g. The compensability of certain work periods and the appropriate method of measuring damages for the injuries sustained by Plaintiffs and other members of the Proposed Classes as a result of Defendants' unlawful activities; and

h. Whether Defendants acted or refused to act on grounds generally applicable to the Plaintiff Class, thereby making injunctive or declaratory relief appropriate with respect to the Plaintiff Class as a whole.

36. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because joinder of all members in each of the Proposed Classes is impracticable. The prosecution of separate actions by individual members of the Proposed Classes would impose heavy burdens on the courts and the parties, and would create a risk of inconsistent or varying

9

adjudications of the questions of law and fact common to the Class. A class action, on the other hand, would achieve substantial economies of time, effort, and expense, and would assure uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results.

37. The interest of members of each of the Proposed Classes in individually controlling the prosecution of separate actions is highly limited and impractical. The Proposed Classes have a high degree of adhesion making class treatment appropriate. The amounts at stake for the Class members, while substantial in the aggregate, are often not substantial individually. As individuals, the class members would lack the resources to vigorously litigate against the ample and powerful resources of the Defendants. Importantly, many of the Class members are current Frontier League players and would not bring an individual action out of fear of retaliation. Lastly, Plaintiffs do not anticipate any difficulty in the management of this action as a class action.

## COLLECTIVE ACTION ALLEGATIONS

38. Plaintiffs bring Claim 1, 2, and 3, the FLSA claims, on behalf of themselves and all persons similarly situated since three years before the filing of this action until its resolution (the "Frontier League Collective").

39. The Defendants are liable under the FLSA for, *inter alia,* failing to properly compensate Plaintiffs and the members of the Frontier League Collective. The Frontier League Collective consists of hundreds of similarly situated individuals who have been, will be, and/or continue to be underpaid during certain work periods and not paid at all during other work periods. This Collective would benefit from the issuance of a court-supervised notice of the lawsuit and the opportunity to join the lawsuit.

40. The members of the Frontier League Collective are known to Defendants, are readily identifiable, and can be located through Defendants' records. Notice should be sent to the members of the Collective pursuant to 29 U.S.C. § 216(b).

10

COMPLAINT FOR VIOLATIONS OF FEDERAL AND STATE WAGE AND HOUR LAWS

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

**1.  The Unlawful Frontier League Salaries.**

41. The Frontier League and the Defendants have exploited players by paying salaries below minimum wage for all hours worked, by not paying applicable overtime, and often paying no wages at all for hours worked by their employees.

42. Plaintiffs are informed and believe that the Frontier League and the Commissioner issue Frontier League salary guidelines for players signed to uniform player contracts, and teams deviate very little from these guidelines. It is currently believed that all first-year Frontier League players employed by the Defendants earn approximately $650 per month regardless of the hours worked.

43. Salaries beyond the first year are very similar across all Franchises, and all fall below FLSA and applicable state wage and hour laws for minimum wage and overtime.

44. Defendants also centrally control when and how Frontier League players are paid. During the championship season, the Franchises pay players bi-monthly on the 15th and the last day of the month. *See* Exhibit A, Frontier Professional Baseball, Inc. Uniform Player Contract ("UPC").

45. In sum, the Defendants pay unlawfully low wages in violation of the FLSA and applicable state wage and hour laws for minimum wage and overtime during the championship season, and no wages for work performed outside the championship season. As demonstrated below, the Defendants require players to work very long hours, further demonstrating the illegality of the wage scheme.

**2.  The Long Hours Worked By Frontier League Players.**

46. During the roughly five-month championship season, Frontier League teams play games either six or seven days per week either at their "home" ballpark or traveling to "away" games.

47. For each game, Defendants direct and require Frontier League players to participate in pregame activities: stretching, batting practice, fielding practice, throwing, conditioning, etc. With games averaging over three hours in length, Frontier League players work eight or more mandatory hours at the stadium on these days.

11

48. Frontier League players typically work a seven-day workweek, in excess of forty hours.

49. Additionally, Frontier League players are required to perform mandatory, protracted travel, usually by a team bus. Almost half of the games are played away from Frontier League players' home stadium, and the usual road trip entails bus rides lasting several hours.

50. Defendants also control Frontier League players' travel to and from "away" games. The Frontier League players are required to report to their home stadium before beginning their travel to "away" games. From their home stadiums, they are required to travel with their team on a team bus. Frontier League players also must return from "away" games by team bus. The required team travel adds considerable amounts of work onto the players' workweek when on the road.

51. Frontier League players are also required to participate in strength and conditioning work, as well as other appearances and promotions for which they are not compensated.

52. As stated above, Frontier League players also perform extensive work outside the championship season, often working over 70 hours per week for which they earn no salary.

**3.  The Careers of the Class Representatives.**

**3.1 Casey Henn**

53. Mr. Henn played Division I Collegiate baseball at Wright State University in Dayton, Ohio.

54. During his collegiate career, Mr. Henn recorded a record of 19-12, appearing in 58 games over four seasons, during which time he earned significant recognition and several awards for his on-field accomplishments. For example, in 2010, Mr. Henn was named to the First Team ABCA/Rawlings All-Midwest Region and received First Team Horizon League Honors after leading the Wright State University pitching staff with a 3.19 ERA and a 7-0 record. Additionally, during postseason play he was selected to the Horizon League All-Tournament Team.

55. During high school, Mr. Henn lettered twice for the Colerain High School Cardinals, where he was selected as the team captain during his senior year. As a senior, he was named the 27th

12

best prospect in the state of Ohio according to the Buckeye Scout, was awarded First Team All-Greater Miami Conference Honors, and named to the All-Cincinnati squad.

56. After his collegiate career ended, Mr. Henn was signed by the Florence Freedom in July 2013. At that time, he traveled to Florence, Kentucky, and signed a contract.

57. The contract was a UPC, but the Freedom did not point out or explain the provisions of the contract. Mr. Henn was unrepresented throughout the process.

58. Mr. Henn worked the remainder of the 2013 season in Florence, Kentucky. In 2014 and 2015, Mr. Henn worked the entire championship season in Florence Kentucky.

59. Mr. Henn earned $1150 per month for the entire 2015 championship season. Mr. Henn believes he earned less per month during the 2014 championship season. Mr. Henn believes he earned even less during the 2013 championship season. Thus, the Freedom failed to meet minimum wage standards.

60. Throughout each of these championship seasons, Mr. Henn routinely worked in excess of forty hours per week but received no overtime pay.

61. Before the 2014 and 2015 championship seasons, Mr. Henn worked at the Freedom's spring training site. The Freedom directed and required all of the work Mr. Henn performed during spring training, and Mr. Henn often exceeded forty hours of work per week.

62. Mr. Henn received no paycheck during this spring work.

**3.2 Alex Kaminsky**

63. Mr. Kaminsky played Division I Collegiate baseball at Wright State University in Dayton, Ohio.

64. During his collegiate career, Mr. Kaminsky recorded a record of 21-9, appearing in 56 games over four seasons, during which time he earned significant recognition and several awards for his on-field accomplishments. For example, in 2009, Mr. Kaminsky was named to the Horizon

13

COMPLAINT FOR VIOLATIONS OF FEDERAL AND STATE WAGE AND HOUR LAWS

League All-Tournament Team. Additionally, Mr. Kaminsky was named an All-American by the Jewish Sports Review in 2008 and 2009.

65. During high school, Mr. Kaminsky lettered all four years for the Fostoria High School Redmen, where he garnered All-Northern Ohio League accolades as a sophomore, junior, and senior. During his senior year, Mr. Kaminsky helped lead his team to a school record 23-5 season, and was named to the District Six All-Star team.

66. In January 2013, Mr. Kaminsky was signed by the Lake Erie Crushers. A few months later, he traveled to Avon, Ohio, and signed a contract.

67. The contract was a UPC, but the Crushers did not point out or explain the provisions of the contract. Mr. Kaminsky was unrepresented throughout the process.

68. Mr. Kaminsky worked the entire 2013 championship season in Avon, Ohio. In 2014, Mr. Kaminsky was traded by the Lake Erie Crushers to the Washington Wild Things. He worked a portion of the 2014 season in Washington, Pennsylvania. During the 2014 championship season, Mr. Kaminsky was traded by the Washington Wild Things to the Joliet Slammers. He worked the remainder of the 2014 championship season in Joliet, Illinois.

69. Mr. Kaminsky believes he earned less than $1000 per month during the 2013 championship season. He believes he earned slightly more during the 2014 championship season. Thus, the Crushers, Wild Things, and Slammers failed to meet minimum wage standards.

70. Throughout each of these championship seasons, Mr. Kaminsky routinely worked in excess of forty hours per week but received no overtime pay.

71. Before the 2013 championship season, Mr. Kaminsky worked at the Crusher's spring training site. The Crushers directed and required all of the work Mr. Kaminsky performed during spring training, and Mr. Kaminsky often exceeded forty hours of work per week.

72. Mr. Kaminsky received no paycheck during this spring work.

COMPLAINT FOR VIOLATIONS OF FEDERAL AND STATE WAGE AND HOUR LAWS

73. Before the 2014 championship season, Mr. Kaminsky worked at the Wild Things' spring training site. The Wild Things directed and required all of the work Mr. Kaminsky performed during spring training, and Mr. Kaminsky often exceeded forty hours of work per week.

74. Mr. Kaminsky received no paycheck during this spring work.

### FIRST CLAIM FOR RELIEF
**FLSA Minimum Wage Violations**

75. Plaintiffs incorporate by reference all of the allegations of all prior paragraphs as though fully set forth herein.

76. As detailed above, the Defendants have engaged in a long-standing and widespread violation of the FLSA. The FLSA's minimum wage requirements, 29 U.S.C. § 201 et seq., and the supporting regulations, apply to all Defendants and protect Plaintiffs and class members.

77. At all relevant times, Plaintiffs and all the Frontier League players of the proposed class were (and/or continue to be) employees within the meaning of 29 U.S.C. § 203(e), and were (and/or continue to be) employed by covered enterprises and/or entities engaged in commerce and/or the production or sales of goods for commerce within the meaning of 29 U.S.C. §§ 203(e), (r) and (s). The work also regularly involves interstate commerce.

78. At all relevant times, the Defendants employed (and/or continue to employ) Plaintiffs and all similarly situated Frontier League players within the broad meaning of 29 U.S.C. §§ 203(d) and (g).

79. The Defendants constructed, implemented, and engaged in a policy and/or practice of failing to pay Plaintiffs and all similarly-situated Frontier League players the applicable minimum wage for all hours the players worked on behalf of Defendants, and continue to engage in such a policy and practice.

COMPLAINT FOR VIOLATIONS OF FEDERAL AND STATE WAGE AND HOUR LAWS

80. Defendants also implemented and engaged in the policy and/or practice of failing to pay Plaintiffs and all similarly-situated Frontier League players any wages at all for many hours the players worked on behalf of Defendants, and continue to engage in such policies and practices.

81. As a result of these minimum wage violations, Plaintiffs and all similarly-situated Frontier League players have suffered and continue to suffer damages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

82. The Defendants' pattern of unlawful conduct was and continues to be willful and intentional, or the Defendants at least acted with reckless disregard. The Defendants were and are aware, or should have been aware, that the practices described in this Complaint are unlawful. The Defendants have not made a good-faith effort to comply with the FLSA with respect to the compensation of Plaintiffs and all similarly-situated Frontier League players. Instead, the Defendants knowingly and/or recklessly disregarded federal wage and hour laws.

83. All similarly-situated Frontier League players are entitled to collectively participate in this action by choosing to "opt-in" and submitting written Consents to Join this action. 29 U.S.C. § 216(b).

**SECOND CLAIM FOR RELIEF**
**FLSA Overtime Violations**

84. Plaintiffs incorporate by reference all of the allegations of all prior paragraphs as though fully set forth herein.

85. As detailed above, the Defendants have engaged in a long-standing and widespread violation of the FLSA. The FLSA's overtime requirements, 29 U.S.C. §§ 201 et seq., and the supporting regulations, apply to all Defendants and protect Plaintiffs and class members.

86. At all relevant times, Plaintiffs and all the Frontier League players of the proposed class were (and/or continue to be) employees within the meaning of 29 U.S.C. § 203(e), and were (and/or continue to be) employed by covered enterprises and/or entities engaged in commerce and/or the

16

production or sales of goods for commerce within the meaning of 29 U.S.C. §§ 203(e), (r) and (s). The work also regularly involves interstate commerce.

87. At all relevant times, the Defendants employed (and/or continue to employ) Plaintiffs and all similarly situated Frontier League players within the broad meaning of 29 U.S.C. §§ 203(d) and (g).

88. The Defendants constructed, implemented, and engaged in a policy and/or practice of failing to pay Plaintiffs and all similarly-situated Frontier League players the applicable overtime wage for all hours in excess of forty (40) hours in each workweek on behalf of Defendants, and continue to engage in such a policy and practice.

89. As a result of these overtime violations, Plaintiffs and all similarly-situated Frontier League players have suffered and continue to suffer damages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

90. The Defendants' pattern of unlawful conduct was and continues to be willful and intentional, or the Defendants at least acted with reckless disregard. The Defendants were and are aware, or should have been aware, that the practices described in this Complaint are unlawful. The Defendants have not made a good-faith effort to comply with the FLSA with respect to the compensation of Plaintiffs and all similarly-situated Frontier League players. Instead, the Defendants knowingly and/or recklessly disregarded federal wage and hour laws.

91. All similarly-situated Frontier League players are entitled to collectively participate in this action by choosing to "opt-in" and submitting written Consents to Join this action. 29 U.S.C. § 216(b).

### THIRD CLAIM FOR RELIEF
**FLSA Recordkeeping Requirements**

92. Plaintiffs re-allege and incorporate by reference all allegations in the preceding paragraphs.

17

93. The Defendants failed (and continue to fail) to make, keep, and preserve accurate records with respect to Plaintiffs and all similarly-situated Frontier League players, including hours worked each workday and total hours worked each workweek, as required by the FLSA, 29 U.S.C. § 211(c), and supporting federal regulations.

94. The lack of recordkeeping has harmed the Plaintiffs and creates a rebuttable presumption that the employees' estimates of hours worked are accurate. *See Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 687-688 (1946).

**FOURTH CLAIM FOR RELIEF**
**Failure to Pay Minimum Wage to Members of the Classes Pursuant to State Law**

95. Plaintiffs incorporate by reference all of the allegations of all prior paragraphs as though fully set forth herein.

96. The laws of Kentucky, Ohio, Pennsylvania, and Illinois require payment of the minimum wage prescribed by the state statute.

97. Plaintiffs assert that they and all other members of the Classes employed by Defendant were, or are, compensated with no regard for the minimum wage, and as a result thereof, suffered damages.

98. As such, Plaintiffs and the other members of the Class assert that they are entitled to such minimum wage compensation for work performed pursuant to the minimum wage provisions of the laws of the states of Kentucky, Ohio, Pennsylvania, and Illinois while employed by Defendants.

99. Plaintiffs allege that the minimum wage laws that have been violated include but are not limited to the following:

    a.   Kentucky – KRS § 337.010, 337.275 (Minimum Wage);

    b.   Ohio – ORC § 4111.02 (Minimum Wage);

    c.   Pennsylvania – 43 P.S. § 333.104, 34 Pa. Code § 231.23 (Minimum Wage);

    d.   Illinois – 820 ILCS § 105/4 (Minimum Wage);

COMPLAINT FOR VIOLATIONS OF FEDERAL AND STATE WAGE AND HOUR LAWS

100. The minimum wage laws of the states of Kentucky, Ohio, Pennsylvania, and Illinois exempt from their requirements certain "white collar" employees employed in a bona fide executive, administrative, or professional capacity who are paid on a salary basis test not less than a certain dollar amount.

101. Neither Plaintiffs, nor members of the Class, are part of any group exempt from the minimum wage requirements of the applicable state laws.

102. Therefore, Plaintiffs demand that they and all other members of the Class be paid minimum wage compensation as required by the laws of laws of the states of Kentucky, Ohio, Pennsylvania, and Illinois, for every hour worked in any workweek for which they were not compensated, plus all available interest and attorneys' fees as provided by law.

**FIFTH CLAIM FOR RELIEF**
**Failure to Pay Overtime to Members of the Classes Pursuant to State Law**

103. Plaintiffs incorporate by reference all of the allegations of all prior paragraphs as though fully set forth herein.

104. The laws of Kentucky, Ohio, Pennsylvania, and Illinois require payment of overtime for any work performed by persons employed at a rate of one and one-half times the regular rate of pay for: (a) hours in excess of forty (40) hours per week; and/or (b) hours in excess of eight (8) hours per day.

105. Plaintiffs assert that they and all other members of the Classes employed by Defendants regularly worked and/or work more than forty (40) hours per week and/or more than eight (8) hours in a single day and were, or are, compensated with no regard for overtime pay, and as a result thereof, suffered damages.

106. As such, Plaintiffs and the other members of the Class assert that they are entitled to such overtime compensation for work performed pursuant to the overtime provisions of the laws of the states of Kentucky, Ohio, Pennsylvania, and Illinois while employed by Defendants.

107. Plaintiffs allege that the overtime laws that have been violated include but are not limited to the following:

    a.   Kentucky –KRS § 337.285, 337.050; 803 KAR 1:060 (Overtime in excess of forty (40) hours per week and one and one-half (1½) times regular rate on 7th day);

    b.   Ohio – ORC § 4111.03 (Overtime in excess of forty (40) hours per workweek);

    c.   Pennsylvania –43 P.S. § 333.104(c), 34 Pa. Code § 231.41 (Overtime in excess of forty (40) hours per workweek);

    d.   Illinois –820 ILCS §§ 105/4a, 140/2(6) (Overtime in excess of forty (40) hours per workweek and one day of rest in seven);

108. The overtime laws of the states of Kentucky, Ohio, Pennsylvania, and Illinois exempt from their requirements certain "white collar" employees employed in a bona fide executive, administrative, or professional capacity who are paid on a salary basis test not less than a certain dollar amount.

109. Neither Plaintiffs, nor members of the Class, are part of any group exempt from the overtime requirements of the applicable state laws.

110. Therefore, Plaintiffs demand that they and all other members of the Class be paid overtime compensation as required by the laws of laws of the states of Kentucky, Ohio, Pennsylvania, and Illinois, for every hour in excess of forty (40) hours worked in any workweek for which they were not compensated, plus all available interest and attorneys' fees as provided by law.

### SIXTH CLAIM FOR RELIEF
### Failure to Provide and/or Compensate for Meal or Rest Breaks
### to the Class Pursuant to State Law

111. Plaintiffs incorporate by reference all of the allegations of all prior paragraphs as though fully set forth herein.

112. Plaintiffs assert that the laws of Kentucky and Illinois require that Defendants provide and/or compensate for meal and/or rest breaks.

20

113. Plaintiffs assert on behalf of themselves and the putative class that they were not provided with meal and rest breaks in violation of the laws of Kentucky and Illinois.

114. Plaintiffs assert that Defendants have violated the laws of Kentucky and Illinois pertaining to meal and rest breaks, including but not limited to the following:

    a. Kentucky – KRS § 337..335, 337.365; 803 KAR 1:065

    b. Illinois – 820 ILCS § 140/3, 56 Ill. Adm. Code § 210.110

### SEVENTH CLAIM FOR RELIEF
### Failure to Make, Keep, and Provide Accurate Records Pursuant to State Law

115. Plaintiffs incorporate by reference all of the allegations of all prior paragraphs as though fully set forth herein.

116. Defendants violated the laws of the states of Kentucky, Ohio, Pennsylvania, and Illinois by failing to make, keep, and provide true and accurate employment records relating to members of the Class.

117. Specifically, applicable state statutes require employers to keep a true and accurate record of, among other items, the hours worked each day and each workweek by its employees, and how much overtime was worked.

118. Plaintiffs seek to recover civil penalties from Defendants on behalf of all individuals who were or are employed in the states where such statutory penalties exist in amounts to be determined at trial.

119. Plaintiffs assert that the recordkeeping provisions, which have been violated, include but are not limited to the following:

    a. Kentucky – KRS § 337.020, 337.070; 803 KAR 1:066

    b. Ohio – ORC § 4111.09

    c. Pennsylvania – 43 P.S. § 333.108, 34 Pa. Code § 231.31

    d. Illinois – 820 ILCS § 105/8, § 105/10

21

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on their own and on behalf of all other similarly situated persons, seek the following relief:

- That at the earliest possible time, Plaintiffs be allowed to give notice of this collective action, or that the Court issue such notice, to members of the Frontier League Collective, as defined above. Such notice shall inform them that this civil action has been filed, the nature of the action, and of their right to join this lawsuit if they believe they were denied (and/or continue to be denied) proper wages;

- Unpaid minimum wages and overtime wages, that have accrued and continue to accrue until the resolution of this action, and an additional and an equal amount as liquidated damages pursuant to the FLSA and the supporting regulations;

- Unpaid wages and pay pursuant to Ohio, Pennsylvania, and Illinois law, that have accrued and continue to accrue until the resolution of this action, and liquidated damages pursuant to state law and supporting regulations;

- Statutory damages for Defendants' recordkeeping violations pursuant federal and state law;

- Certification of the Proposed Classes, as set forth above, pursuant to Rule 23 of the Federal Rules of Civil Procedure;

- Designation of Plaintiffs as class representatives of the Classes, designation of counsel of record as Class Counsel, and a reasonable incentive payment to Plaintiffs;

- Pre-judgment and post-judgment interest as permitted by law;

- An injunction requiring Defendants to pay all statutorily required wages pursuant to state and federal law and an order enjoining Defendants from continuing or reinstating their unlawful policies and practices as described within this Complaint;

COMPLAINT FOR VIOLATIONS OF FEDERAL AND STATE WAGE AND HOUR LAWS

- Reasonable attorneys' fees and costs of the action; and

- Such other relief as this Court shall deem just and proper.

### DEMAND FOR JURY TRIAL

Pursuant to Rule 38(a) of the Federal Rules of Civil Procedure, Plaintiffs demand a jury trial to all issues triable by a jury.

DATED: April 29, 2016

Respectfully submitted,

/s/ Jonathan D. Durket
OH #0093859
JonathanDurket@DurketLegal.com
1300F Deagleway Drive
Fairborn, OH 45324
Tel. No.: (937) 985-8787
Fax: (937) 972-0456

Attorney for Plaintiffs Casey S. Henn and Alex R. Kaminsky

COMPLAINT FOR VIOLATIONS OF FEDERAL AND STATE WAGE AND HOUR LAWS